IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES D. HUNTER,            )
                            )
      Plaintiff,          )
                            )
v.                          )      2:04cv1501
                            )
JO ANNE B. BARNHART,        )
Commissioner of Social Security, )
                            )
      Defendant.          )

### MEMORANDUM OPINION AND ORDER OF COURT

**I.**     **Introduction**

Plaintiff, James D. Hunter, brought this action pursuant to 42 U.S.C.§ 405(g) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for supplemental security income ("SSI") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-03.

**II.**     **Background**

    **A.**     **Facts**

Plaintiff was born on September 23, 1983. R. at 98. At the time of the decision of the Administrative Law Judge ("ALJ"), he had completed 12 years of special education and was enrolled in life skills support classes through the Butler Area School District to learn construction trades. R. at 16. He has no vocationally relevant past work experience. R. at 16-17.

Plaintiff alleges disability as of his birth on September 23, 1983, due to mental retardation. R. at 17. The record reflects that Plaintiff has not engaged in substantial gainful work activity since alleging disability. R. at 17.

### B. Procedural History

Plaintiff filed an application for SSI on April 15, 2002, in which he claimed total disability since his birth on September 23, 1983. R. at 51-53. An administrative hearing was held on April 15, 2003 before ALJ William E. Kenworthy. R. at 16. Plaintiff was represented by counsel and testified at the hearing. R. at 16. L. Leon Reid, Ph.D., an impartial vocational expert, also testified at the hearing. R. at 16.

On July 8, 2003, the ALJ rendered a decision unfavorable to Plaintiff in which he found that Plaintiff has borderline intellectual functioning, which is severe, but which does not meet the criteria of any of the impairments listed in Appendix I, Subpart P, Regulation No. 4. R. at 22. The ALJ further found that Plaintiff had the residual functional capacity to perform simple, repetitive activity at all exertional levels and, therefore, was not "disabled" within the meaning of the Act. R. at 23.

The ALJ's decision became the final decision of the Commissioner on July 28, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ. R. at 5-11.

On September 30, 2004, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment. Plaintiff contends that the ALJ erred in not finding that he meets the requirements of Listing 12.05(C) (Mental Retardation), and in improperly disregarding the testimony of the vocational expert, which resulted in reliance upon an incomplete hypothetical question. Pltf's Brief at 10, 12. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence. Def's Brief at 20. The Court agrees with Plaintiff in part and finds that this action should be remanded to the Commissioner for reconsideration, rehearing and/or further proceedings to determine whether Plaintiff meets the requirements of Listing 12.05(C). Therefore, the parties' cross-motions for summary judgment will be denied without prejudice.

**III.	Legal Analysis**

    **A.	Standard of Review**

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. § 405(g). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n. of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423(d)(1). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,
>
> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of

substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (*citing* 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that the claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given the claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52, 60 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the third and fifth steps of the sequential evaluation process. R. at 22-23. In making this determination, the ALJ concluded that Plaintiff has an impairment which does not meet the requirements of a listed impairment (*i.e.*, borderline intellectual functioning), and that he can perform work which consists of simple, repetitive activity at all exertional levels. R. at 22-23. Therefore, the ALJ concluded that Plaintiff is not disabled and does not qualify for benefits under the Act. R. at 23.

**B.    Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir.), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

1.   *Whether the ALJ erred in not finding that Plaintiff meets the requirements of Listing 12.05(C)?*

Plaintiff's first contention is that the ALJ "erred as a matter of law in not finding that [he] meets the requirements of listing 12.05C." Pltf's Brief at 10. The pertinent provision reads:

> Mental Retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

To meet Listing 12.05(C), "a claimant must have i) have a valid verbal, performance or full scale IQ of 60 through 70, ii) have a physical or other mental impairment imposing additional and significant work-related limitations of function, and iii) show that the mental retardation was initially manifested during the developmental period (before age 22)." *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir. 2003).[1] "[W]here verbal, performance, and full scale IQs are provided, the Secretary must consider the lowest of these scores in conjunction

---

[1] There is considerable evidence that Plaintiff satisfies the third element but, as explained below, the Commissioner shall address that issue on remand.

with listing 12.05." *Markle*, 324 F.3d at 186.  However, "the Commissioner is not required to accept a claimant's IQ scores and may reject scores that are inconsistent with the record." *Id*.

Several IQ tests, including one administered on June 11, 2003 (the most recent test of record) showed Plaintiff to have a verbal IQ between 60 and 70, which, if accurate, would fulfill the first requirement of listing 12.05(C).  R. at 222, 232, 265.  However, the ALJ did not make a specific finding regarding Plaintiff's IQ score.  *See* R. at 18.  Instead, the ALJ expressly concluded that Plaintiff failed to satisfy the second element of Listing 12.05(C).  R. at 18.

To meet the second element of listing 12.05(C), "a claimant must have ... a physical or other mental impairment imposing additional and significant work-related limitations of function."  *Markle*, 324 F.3d at 187.  The regulations provide that a physical or mental impairment imposes an additional and significant work-related limitation of function if the impairment is "severe" as defined in 20 C.F.R. §§ 404.1520(c) and 416.920(c). 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A, ¶ 4.

The ALJ found that "[i]n this case there is quite simply no other limitation."  R. at 18.  The ALJ explained his finding as follows:

> The evidence is clear that Mr. Hunter is sociable and has good adaptive functioning.  During the hearing he demonstrated a good ability to communicate his thoughts with an appropriate vocabulary.  He demonstrated that he has learned to use basic construction tools, such as a hammer, nails, drills and saws.  He has difficulty with measurements, but he is provided with a special tape measure that has the fractions written on it.  He claimed that he cannot multiply, divide or do fractions.  He can read simple instructions, but does better at following illustrations.

R. at 18.

Plaintiff contends that he fulfills the second requirement of Listing 12.05(C) because his Attention Deficit Hyperactive Disorder ("ADHD") imposes an additional and significant work-related limitation of function.  Pltf's Brief at 11.  Plaintiff also contends that ADHD adversely affects his ability to concentrate, and that he needs repeated instructions and close supervision.  *Id*.  The ALJ recognized that Plaintiff had been diagnosed with ADHD, and discussed the issue as follows:

> At one time Claimant was diagnosed with attention deficit hyperactive disorder, for which Ritalin was prescribed. Claimant testified that he has been off the medication for at least five years. His IEP from Midwestern Intermediate Unit indicates that he is good about completing and turning in class work. Mr. Hunter denied any current problems with concentration. Hence it is concluded that there is no significant impairment in this area.

R. at 19.

In not finding that Plaintiff meets the requirements of listing 12.05(C), the ALJ overlooked several professional opinions that Plaintiff has ADHD, as well as evidence that it impairs his concentration and ability to function in work-like circumstances. For example, records of Plaintiff's May 14, 1998 initial assessment at the Irene Stacy Community Mental Health Center ("Irene Stacy") reflect a finding of ADHD, and reflect that Plaintiff's "[a]ttention span is good if it is something he is interested in doing but at other times has (*sic*) a lot of trouble staying focused." R. at 101. Joyce K. Smith, Psy.D. examined Plaintiff on June 3, 1998 and opined that "his Attention Deficit Hyperactive Disorder will ... need to be monitored and treated." R. at 98-99. A Pennsylvania Department of Public Welfare Employability Assessment Form completed on July 25, 2002 by Patricia Sassone of Irene Stacy reflects a diagnosis of ADHD. R. at 145-46. A psychological disability evaluation performed on August 14, 2002 by Julie Uran, Ph.D. ("Dr. Uran") reflects a diagnosis of ADHD. R. at 147-49. Plaintiff reported to Dr. Uran that he has had "difficulty in sustaining focus in activities or tasks as well as occasional distraction by background, auditory stimuli." R. at 147. The report of Dr. Uran also reflects that Plaintiff "is generally forgetful in daily activities and has had prior difficulties with fidgeting or moving in his seat." R. at 147. Plaintiff "also indicates occasionally interrupting others or being intrusive," and "mood swings have resulted in intense anger causing verbal aggression although the claimant denies throwing objects or striking others." R. at 147-48. Moreover, the suggestions for curriculum modification in Plaintiff's 2000, 2001 and 2002 IEPs reflect numerous modifications and areas for improvement which would likely be necessary for an individual who is distracted easily and has problems with concentration. *See* R. at 132-33, 174, 218-19. Thus, there is medical and other evidence that Plaintiff has ADHD, and that it may fulfill the second requirement of 12.05(C). The ALJ did

not recognize or discuss this evidence, but instead apparently relied upon his own subjective impression of Plaintiff and his testimony in finding that ADHD did not satisfy the second element of Listing 12.05(C).[2]  In light of these inconsistencies in the ALJ's written decision and the possibility that Plaintiff may be entitled to benefits under Listing 12.05(C), the Court finds that the ALJ's determination regarding Listing 12.05(C) is not supported by substantial evidence.  Therefore, the Court will remand this action to the Commissioner for reconsideration, rehearing and/or further proceedings consistent with this Memorandum Opinion.  On remand, the Commissioner shall thoroughly address all evidence of Plaintiff's ADHD and its effects on his employability, and make findings regarding each element of Listing 12.05(C).

> 2. *Whether the ALJ improperly disregarded the testimony of the vocational expert and relied upon an incomplete hypothetical question?*

Plaintiff's second contention is that the ALJ improperly disregarded the testimony of the vocational expert and relied upon an incomplete hypothetical question.  In light of the discussion above at step three of the sequential evaluation process, the Court declines to address this issue.  The Commissioner's findings on remand may make the fifth step of the sequential evaluation process unnecessary.  If, however, the Commissioner again reaches step five of the sequential evaluation process, the Commissioner shall pose a hypothetical question to the vocational expert which accurately sets forth all of the limitations established by the evidence after reconsideration.

---

[2]   The ALJ observed that "[c]laimant testified that he has been off the [Ritalin] for at least five years." R. at 19.  However, at the hearing Plaintiff's father, who was not under oath at the time, chimed in and stated that Plaintiff had only been off of the Ritalin for two years, which was apparently because he "had a consultation [with Plaintiff's former teacher] and ... read a lot of bad stuff about it ..." R. at 295.  Thus, it appears that Plaintiff may have discontinued taking Ritalin *not* because he no longer suffered from ADHD, but because his father thought that the benefits were not worth the possible drawbacks.  The Commissioner may wish to conduct further inquiry into this issue on remand.

**IV.        Conclusion**

When reviewing a decision to deny SSI and DIB, it is not this Court's function to substitute its judgment for that of the Commissioner. The Commissioner's decision in the present case may otherwise be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise. However, in the absence of sufficient indication that the ALJ thoroughly and properly evaluated all of the evidence relevant to a finding of "disabled" under Listing 12.05(C), the Court cannot satisfy its obligation to determine whether or not the Commissioner's decision is supported by substantial evidence. Therefore, this action will be remanded to the Commissioner for reconsideration, rehearing and/or further proceedings consistent with this Memorandum Opinion. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES D. HUNTER,** | ) |
| Plaintiff, | ) |
| v. | ) 2:04cv1501 |
| **JO ANNE B. BARNHART,** **Commissioner of Social Security,** | ) |
| Defendant. | ) |

## ORDER OF COURT

**AND NOW**, this 31st day of March, 2006, in accordance with the foregoing Memorandum Opinion it is ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant's Motion for Summary Judgment (*Document No. 6*) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Motion for Summary Judgment (*Document No. 8*) is **DENIED WITHOUT PREJUDICE**;

3. This action is **REMANDED FORTHWITH** to the Commissioner of Social Security for reconsideration, rehearing and/or further proceedings consistent with this Memorandum Opinion; and

4. The Clerk shall docket this case closed forthwith.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Christine M. Nebel, Esquire
      Email: cnebel220@aol.com

      Paul Kovac, AUSA
      Email: paul.kovac@usdoj.gov